UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIEGO BECERRA-PAEZ, on behalf of
himself and all others similarly
situated,

                    Plaintiff,

              -v-                            5:24-CV-698

SYRACUSE UNIVERSITY,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

LEEDS BROWN LAW, P.C.               MICHAEL A. TOMPKINS, ESQ.
Attorneys for Plaintiff
One Old Country Road, Suite 347
Carle Place, NY 11514

JENNER & BLOCK, LLP                 DAVID DEBRUIN, ESQ.
Attorneys for Defendant             LAUREN J. HARTZ, ESQ.
1099 New York Avenue, Suite 900     PAUL RIETMA, ESQ.
Washington, DC 20001

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On May 22, 2024, plaintiff Diego Becerra-Paez ("Becerra-Paez" or

"plaintiff") brought this putative class action on behalf of all similarly

situated Syracuse University students for breach of contract and unjust

enrichment stemming from defendant Syracuse University ("SU" or

"defendant")'s transition to remote online instruction.  Dkt. No. 1.

This is not the first time SU has litigated the issue of its COVID-19

response.  In fact, defendant has defended at least three actions—brought by

the same attorney—in this District since 2020.  *See, e.g*, *Yin v. Syracuse*

*Univ.*, 20-CV-494 (GLS) (case voluntarily dismissed without prejudice);

*Minichelli v. Syracuse Univ.*, 20-CV-839 (TJM) (case dismissed for failure to

state a claim); *Poston v. Syracuse Univ.*, 21-CV-1386 TJM) (case voluntarily

dismissed with prejudice).

Beginning on May 1, 2020, plaintiff Jonatan Yin filed a putative class

action complaint against SU for breach of contract, unjust enrichment, and

conversion stemming from SU's transition to online learning at the onset of

the COVID-19 pandemic.  *Yin v. Syracuse Univ.*, 20-CV-494 (GLS), Dkt. No.

1.  On July 10, 2020, SU moved to dismiss Yin's complaint for failure to state

a claim.  *Yin v. Syracuse Univ.*, 20-CV-494 (GLS), Dkt. No. 15.  Instead of

opposing SU's motion to dismiss, Yin voluntarily dismissed his action without

prejudice on July 31, 2020.  *Yin v. Syracuse Univ.*, 20-CV-494 (GLS), Dkt. No.

20.

Before Yin had dismissed his action, however, plaintiff Julian Minichelli filed a putative class action complaint against SU on July 26, 2020.[1] *Minichelli v. Syracuse Univ.*, 20-CV-839 (TJM), Dkt. No. 1.  Like Yin's complaint, Minichelli's complaint asserted claims for breach of contract, unjust enrichment, and conversion stemming from SU's transition to online learning during the COVID-19 pandemic.  *Minichelli v. Syracuse Univ.*, 20-CV-839 (TJM), Dkt. No. 1.  But on August 26, 2020, Minichelli filed a stipulation of voluntary dismissal without prejudice and an amended complaint substituting plaintiffs Stuart and Stacey Meissner—the parents of an SU student who paid tuition and fees for the Spring 2020 semester—in his place.  *Minichelli v. Syracuse Univ.*, 20-CV-839 (TJM), Dkt. Nos. 16–17.  The amended complaint set forth two additional claims for money had and received and violations of the New York General Business Law (the "GBL") §§ 349 and 350.  *Minichelli v. Syracuse Univ.*, 20-CV-839 (TJM), Dkt. No. 16.  On September 29, 2020, SU moved to dismiss the Meissners's complaint for lack of standing and for failure to state a claim.  *Minichelli v. Syracuse Univ.*, 20-CV-839 (TJM), Dkt. No. 30.  That motion was granted, the Meissners's complaint was dismissed, and the case was ordered to be closed by U.S.

---

[1]  On August 7, 2020, SU's attorneys alerted the Court to the possible relatedness of the *Minichelli* and *Yin* cases.  *Yin v. Syracuse Univer.*, 20-CV-494 (GLS), Dkt. No. 21.  However, the Court determined that the cases were not related and thus,  did not warrant reassignment to U.S. District Judge Gary L. Sharpe, who presided over *Yin* in accordance with General Order #12.  *Minichelli v. Syracuse Univ.*, 20-CV-839 (TJM), Dkt. No. 15.

Senior District Judge Thomas J. McAvoy on April 13, 2021. *Minichelli v. Syracuse Univ.*, 20-CV-839 (TJM), Dkt. Nos. 48–49; *Meissner v. Syracuse Univ.*, 2021 WL 1536676 (N.D.N.Y. Apr. 13, 2021).

Most recently, on December 9, 2021, plaintiff Shelby Poston filed a putative class action against SU in the New York Supreme Court, County of Onondaga for breach of contract and unjust enrichment stemming from its decision to transition to online learning during the COVID-19 pandemic. *Poston v. Syracuse Univ.*, No. 10084-2021, Dkt. Nos. 1–2. On December 30, 2021, SU removed the matter to this Court. *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 1. On February 11, 2022, SU moved to dismiss Poston's complaint for failure to state a claim. *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 31. After hearing oral arguments, Judge McAvoy granted SU's motion on July 28, 2022. *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 43. Specifically, Judge McAvoy dismissed Poston's unjust enrichment claim with prejudice. *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 46. Judge McAvoy dismissed Poston's breach of contract claim as to "student fees" without prejudice and with leave to replead that claim *only*. *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 46.

On August 26, 2022, Poston filed an amended complaint that reasserted her breach of contract claim as to fees and asserted a new claim for breach of *implied* contract. *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 47.

On September 9, 2022, SU moved to dismiss Poston's amended complaint for failure to state a claim. *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 48. This time Judge McAvoy granted SU's motion in part. *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 55; *Poston v. Syracuse Univ.*, 2023 WL 3225022 (N.D.N.Y. Feb. 1, 2023). Judge McAvoy dismissed all but Poston's breach of contract claim as to fees, in particular, the "recreational fees" contained in the student co-curricular fee. *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 55; *Poston v. Syracuse Univ.*, 2023 WL 3225022 (N.D.N.Y. Feb. 1, 2023). SU filed an answer to Poston's one remaining claim. *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 56. Poston moved for reconsideration of Judge McAvoy's decision, *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 66, before ultimately filing a stipulation of voluntary dismissal with prejudice. *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 117.

On June 27, 2024, SU filed a letter motion advising the Court of its history litigating similar legal issues in a series of actions brought by Becerra-Paez's counsel[2] and requested case management relief. Dkt. No. 17. Specifically,

---

[2] Plaintiff Jonathan Yin was represented by Bursor & Fisher P.A. Plaintiff Julian Minichelli was represented by attorneys from the Cherundolo Law Firm, PLLC, Sterlington PLLC, Lynch Carpenter, LLP, and Bursor & Fisher P.A. Minichelli was later replaced by plaintiffs Stacy and Stuart Meissner, who were represented by the Cherundolo Law Firm, PLLC, Lynch Carpenter, LLP, and Anastopoulo Law Firm, LLC. Plaintiff Shelby Poston was represented by the Cherundolo Law Firm, PLLC, Sterlington PLLC, Lynch Carpenter, LLP, and Leeds Brown Law, P.C.

defendant requested that: (1) U.S. Senior District Judge Thomas J. McAvoy's dispositive rulings in *Poston* be applied as law of the case; and (2) a stay of defendant's deadline to file a responsive pleading pending the resolution of its letter motion. *Id.* The Court directed plaintiff to respond. Dkt. No. 19. Plaintiff filed a letter opposing defendant's request. Dkt. No. 22. Plaintiff argued that Judge McAvoy's prior rulings in a different proceeding did not apply as law-of-the-case and did not preclude or *estop* plaintiff from seeking relief.

On August 15, 2024, the Court granted in part and denied in part SU's letter motion. Dkt. No. 23. The Court stayed all pretrial case management deadlines and directed defendant to file a motion to dismiss or another appropriate, responsive pleading within thirty (30) days. *Id.*

On September 13, 2024, SU moved to dismiss Becerra-Paez's complaint pursuant to: (1) the doctrine of law-of-the-case; and (2) Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief may be granted. Dkt. No. 25. The motion has been fully briefed, Dkt. Nos. 26–29, and will be considered on the basis of the submissions without oral argument.[3]

## II. **BACKGROUND**

---

[3] SU's request for oral argument, Dkt. No. 25, is denied.

SU is a private university located in Syracuse, New York.  Compl. ¶ 18.

SU offers both in-person and online instruction.  *Id*. ¶ 24.  Students are free

to choose which form of instruction they prefer.  *Id*.  Regardless of the

manner of instruction, students who wish to enroll in SU classes must pay

both tuition and fees for the semester.  *Id*. ¶ 22.

Undergraduate tuition for the Spring 2020 semester was approximately

$26,105.00.  Compl. ¶ 23.  Becerra-Paez paid tuition for the Spring 2020

semester in addition to certain mandatory fees.  *Id*. ¶¶ 28–29.  These fees

included the student activity fee, student co-curricular fee, and the health

and wellness fee.  *Id*. ¶ 30.

In March 2020, in response to the COVID-19 pandemic, SU shut down its

campus and moved its instruction to a remote platform for online-only

learning.  Compl. ¶¶ 35–36.  In-person instruction remained fully remote for

the remainder of the Spring 2020 semester.  *Id*. ¶ 36.  This meant that in

addition to attending classes online, students no longer had access to any of

the on-campus facilities such as the fitness centers and libraries.  *Id*. ¶¶ 36–

37.  Other services such as the health and wellness centers, bookstores, and

grocery store were still made available, though in a limited capacity.  *Id*. ¶

37.

Becerra-Paez now seeks a partial refund of the tuition and fees he paid commensurate with the time defendant's on-campus instruction and services were not available.  Compl. ¶¶ 40–41.

## III.  LEGAL STANDARD

### A.  Law-of-the-Case

"[L]aw of the case is a judicially crafted policy that expresses the practice of courts generally to refuse to reopen what has been decided[.]"  *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 219 (2d Cir. 2002).  It "is not a limit to their power."  *Id.*  Law of the case "is 'driven by considerations of fairness to the parties, judicial economy, and the social interest in finality.'"  *Cambridge Cap. LLC v. Ruby Has LLC*, 675 F. Supp. 3d 363, 415 (S.D.N.Y. 2023) (quoting *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009)).

The law-of-the-case doctrine "posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case." *Aramony v. United Way,* 254 F.3d 403, 410 (2d Cir. 2001) (quotation and citation omitted).  The doctrine generally applies where "the parties had a full and fair opportunity to litigate the initial determination."  *Corrado v. N.Y. Unified Ct. Sys.*, 163 F. Supp. 3d 1, 17–18 (E.D.N.Y. 2016), *aff'd sub nom. Corrado v. N.Y. State Unified Ct. Sys.*, 698 F. App'x 36 (2d Cir. 2017) (quotation omitted).

But "the doctrine is broad enough to encompass a lower court's adherence to . . . the rulings of another judge or court in . . . a closely related case." *Brown v. N.Y.*, 975 F. Supp. 2d 209, 220 (N.D.N.Y. 2013) (cleaned up).  After all, "the doctrine is undoubtedly *discretionary*, so there is no absolute rule that would mandate or forbid its application." *Firestone v. Berrios*, 42 F. Supp. 3d 403, 412 (E.D.N.Y. 2013) (emphasis added).

**B.  Rule 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

## IV.  DISCUSSION

SU has moved to dismiss Becerra-Paez's complaint in its entirety.  Dkt.

No. 25.  SU argues that dismissal is warranted on two grounds: (1) law-of-

the-case precludes relief; and (2) plaintiff has failed to state a claim upon

which relief may be granted.  Def.'s Mem., Dkt. No. 25 at 15.[4]  The Court will

address each argument in turn.

### A.  Law of the Case

First, SU argues that Judge McAvoy's dispositive rulings in *Poston v.*

*Syracuse University*, a closely related case, should apply as law-of-the-case

here.  Def.'s Mem. at 15–18.  In opposition, Becerra-Paez argues that the

Court is not required to apply dispositive rulings in another case—between

different parties—as law of the case.  Pl.'s Opp'n, Dkt. No 26 at 9–11.

Plaintiff further argues that the Court need not apply the *Poston* rulings here

because there has been an intervening change of controlling law.  *Id*. at 11–

12.

Under law of the case doctrine, "when a court has ruled on an issue, that

decision should generally be adhered to by that court in subsequent states in

the same case, unless cogent and compelling reasons militate otherwise."

*Cambridge Cap. LLC v. Ruby Has LLC*, 675 F. Supp. 3d 363, 415 (S.D.N.Y.

---

[4]  Pagination corresponds to CM/ECF.

2023) (cleaned up).  While ordinarily courts will only apply the law of the case where "the parties had a full and fair opportunity to litigate the initial determination[,]" *Corrado v. N.Y. Unified Ct. Sys.*, 163 F. Supp. 3d 1, 17–18 (E.D.N.Y. 2016), *aff'd sub nom. Corrado v. N.Y. State Unified Ct. Sys.*, 698 F. App'x 36 (2d Cir. 2017) (quotation omitted), courts are *not* restrained from applying law of the case in closely related cases.  *See Ovadia v. Top Ten Jewelry Corp.*, 2005 WL 1949970, at *1 (S.D.N.Y. Aug. 12, 2005) (emphasis in original) (quotation omitted) ("The doctrine is broad enough to "encompass[ ] a lower court's adherence to . . . the rulings of another judge or court in . . . [] a *closely related* case[.]")  After all, "[l]aw of the case doctrine is prudential and discretionary in character," and reflects the court's inherent discretion to manage its caseload.  *Laurent v. PriceWaterhouseCoopers LLP*, 963 F. Supp. 2d 310, 314 (S.D.N.Y. 2013), *aff'd on other grounds,* 794 F.3d 272 (2d Cir. 2015).

As noted *supra*, Becerra-Paez has raised several arguments in opposition to SU's assertion that Judge McAvoy's dispositive rulings in the *Poston* litigation should be applied as law of the case here.  All of plaintiff's arguments can be boiled down to the notion that the Court is not required to apply the *Poston* decisions as law of the case.

On that basis, Becerra-Paez is correct.  The Court is not required to apply *Poston* as law of the case.  As discussed, law of the case doctrine is a

prudential doctrine.  *See Laurent*, 963 F. Supp. 2d at 314.  The decision to adopt Judge McAvoy's decisions in *Poston* as law of the case is squarely within the Court's discretion.  Accordingly, the question becomes whether applying the doctrine here serves the Court's interests in fairness to the parties, judicial economy, and finality.[5]

As an initial matter, Becerra-Paez was not a party to the *Poston* litigation.  Pl.'s Opp'n at 9–10.  However, plaintiff's case is closely related to *Poston*.[6]  Dkt. No. 6.  Indeed, plaintiff's case arises from the same transactions or events *and* involves an identical set of facts as the *Poston* litigation.  *See id*.  This is evidenced by the nearly identical pleadings filed by plaintiffs in *Poston* and the instant case.[7]  Thus, the Court's judicial resources should not be exhausted adjudicating the same claims arising from the same facts solely because they are brought by a new named plaintiff.

---

[5]  Becerra-Paez's assertion that an intervening change in the governing law forbids applying law of the case is similarly without merit.  Plaintiff draws the Court's attention to the Second Circuit's decision in *Rynasko v. New York University*, finding that the plaintiff had plausibly alleged a breach of of implied contract claim.  63 F.4th 186 (2d Cir. 2023).  However, *Rynasko* does not change the governing law.  In fact, it merely applies New York State contract law.  Under such law, the plaintiff must plausibly allege that the university made specific promises vis-à-vis its "bulletins, circulars, and handbooks, which are material to the student's relationship with the school[.]"  *Id*. at 197 (quoting *Keefe v. N.Y.L. Sch.*, 897 N.Y.S.2d 94–95 (N.Y. App. Div. 2010)).  *Rynasko* does not change this proposition, it merely applies this framework to the facts alleged.

[6]  Plaintiff himself has also deemed his case related to *Poston* on his Civil Cover Sheet, Dkt. No. 1.

[7]  As SU points out, plaintiff's attorneys have made a practice of filing, dismissing, and refiling these "mad-libs style" pleadings against the university.  *Calcano v. Swarovski N.A. Ltd.*, 36 F.4th 68, 77 (2d Cir. 2022).  Each time the named plaintiff receives an adverse outcome, the plaintiff will then either substitute new named plaintiffs or strategically dismiss their case, only for the same pleading to reappear on another docket under the name of another named plaintiff.

Applying law of the case would also serve the social interest in finality. As SU points out, plaintiff's attorneys have made a practice of filing, dismissing, and refiling these "mad-libs style" pleadings against the university.  *Calcano v. Swarovoski N.A. Ltd.*, 36 F.4th 68, 77 (2d Cir. 2022). Each time the named plaintiff receives an adverse outcome, the plaintiff will then either substitute a new named plaintiff, *see Minichelli v. Syracuse Univ.*, 20-CV-839 (TJM), Dkt. Nos. 16–17, or strategically dismiss their case, *Yin v. Syracuse Univer.*, 20-CV-494 (GLS), Dkt. No. 20; *Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 117, only for the same pleading to reappear on another docket under the name of another named plaintiff.

This strategic dismissal and refiling routine has resulted in a never-ending battle for SU.  Each time, facing seemingly another serpentine head attached to the same hydra lurking within this Court's filing system. This process has not only allowed plaintiff's attorneys to avoid finality but has resulted in costly, duplicative litigation for SU, and a waste of judicial resources.

Upon review, the Court will adopt Judge McAvoy's dispositive rulings in *Poston* as law of the case.  As discussed *supra*, Judge McAvoy presided over the *Poston* case.  Prior to Poston's ultimate voluntary dismissal of her case, Judge McAvoy previously dismissed, with prejudice, Poston's claims for unjust enrichment, breach of implied contract, and breach of contract as to

fees other than the "recreation fee." *Supra.* Accordingly Becerra-Paez will
not be permitted to reassert these claims against SU in the instant case.

Judge McAvoy did not, however, dismiss all of the claims asserted by the
plaintiff in *Poston. Supra.* Rather, Judge McAvoy denied SU's motion to
dismiss as to the plaintiff's breach of contract claim regarding the "recreation
fee" included in the student co-curricular fee. *Supra.* In so ruling, Judge
McAvoy concluded that the description of the student co-curricular fee
"largely . . . does not promise any services that could only be delivered in a
particular on-campus setting." *Poston v. Syracuse Univ.*, 3225022, at *6
(N.D.N.Y. Feb. 1, 2023). But Judge McAvoy also found that the portion of the
student co-curricular fee that pertained to "recreational education may
plausibly be considered a fee for activities that could only take place in an on-
campus setting reserved particularly for in-person use." *Id.* Judge McAvoy
concluded that the plaintiff in *Poston* had alleged that by closing its campus,
SU had denied her its "promised access to recreational opportunities." *Id.*

Becerra-Paez has also pleaded an identical breach of contract claim based
on his payment of the student co-curricular fee. *Compare* Compl. ¶¶ 55–57
*with Poston v. Syracuse Univ.*, 21-CV-1386 (TJM), Dkt. No. 47. Plaintiff
describes the student co-curricular fee as:

> a mandatory fee for all undergraduates on the Main
> Campus that is collected by the University and
> allocated by the Division of Student Affairs. The fee

> supports such programs and services as recreational
> and outdoor education, PLUSE, crime prevention and
> safety initiatives, and student leadership development
> initiatives.

Compl. ¶ 56.

Upon review, the Court will depart from Judge McAvoy's decision to deny SU's motion to dismiss this claim. For the reasons described below, recent case law, discussed *infra*, necessitates departing from Judge McAvoy's decision and granting SU's motion to dismiss this claim.

New York law recognizes an implied contract between students and their universities. *See Doe v. Syracuse Univ.*, 2024 WL 3639364, at *6 (N.D.N.Y. Aug. 2, 2024) (citations omitted). However, "only 'specific promises' contained in those materials form the contract are considered actionable terms of the contract." *Id.* at *7 (citation omitted). "[G]eneral statements" or "[p]assing references to campus facilities and the [university's] campus" do not give rise to an implied contract. *Bergeron v. Rochester Inst. of Tech.*, 2024 WL 5054841, at *2 (2d. Cir. Dec. 10, 2024) (summary order) (quotation marks and citation omitted). Further, a university's "prior conduct" of in-person instruction or on-campus activities does not by itself transform into a contractual entitlement. *See id.* (quotation omitted).

While Judge McAvoy reasoned that the portion of the student co-curricular fee that was allocated to recreation specifically contemplated in-

person instruction, the Court reaches a different conclusion.  Even reading the complaint in a light most favorable to Becerra-Paez, he has not identified a sufficiently specific promise by SU.  Rather, plaintiff describes a student fee that supports, in part, "such programs and services as recreational and outdoor education."  Compl. ¶ 56.  Plaintiff does not allege that this fee was assessed purely for outdoor programs.  Nor does plaintiff assert that this fee was assessed to support purely on-campus, in-person recreation.  After all, recreation refers broadly to activities of leisure.  Plaintiff does not allege that these activities were historically conducted on campus, in-person.  Further, even if plaintiff had alleged that student recreation was historically conducted on-campus, in-person, that custom or practice on its own is insufficient to generate a contractual entitlement.

Thus, plaintiff has not stated a plausible claim for relief.  Accordingly, this claim will be dismissed.

**B.  <u>Failure to State a Claim</u>**

SU has also moved, in the alternative, to dismiss Becerra-Paez's complaint for failure to state a claim.  As discussed *supra*, the Court will adopt Judge McAvoy's dispositive rulings in *Poston* dismissing plaintiff's unjust

enrichment, and breach of contract as to fees.[8]  However, even if the Court were not to exercise its discretion to apply Judge McAvoy's decisions in *Poston* here, plaintiff's claims would still warrant dismissal pursuant to Rule 12(b)(6) for substantially the same reasons set forth in Judge McAvoy's decision and order.

## V.  <u>CONCLUSION</u>

In sum, Becerra-Paez's complaint will be dismissed.   Plaintiff's putative class action attempts to raise the same claims previously dismissed by this Court.  In a series of actions brought against SU, plaintiff's attorneys have raised one serpentine head after another.  Each time one has been slain another appears.  This process has resulted not only in costly, duplicative litigation for SU, but a waste of already strained judicial resources.

Luckily, judges are equipped to deal with such hydras lurking within the court's filing system.  Here, the bulk of Judge McAvoy's dispositive rulings in *Poston* apply as law of the case with one exception: plaintiff's sole surviving claim for breach of contract as to the student recreation fee.  But this claim too will be dismissed for failure to state a claim.

Therefore, it is

---

[8]  As discussed above, the Court will depart from Judge McAvoy's dispositive rulings in *Poston* denying SU's motion to dismiss Poston's claim for breach of contract related to the student "recreation fee." The Court will dismiss this claim for failure to state a plausible claim for breach of implied contract. *Supra.*

ORDERED that

1.  Defendant's motion to dismiss  (Dkt. No. 25) is GRANTED; and

2.  Plaintiff's complaint (Dkt. No. 1) is DISMISSED.

The Clerk of the Court is directed to enter a judgment accordingly,

terminate the pending motion, and close the case.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  July 2, 2025
        Utica, New York